IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-96 |
| | ) | (PHILLIPS/SHIRLEY) |
| PAUL DEWAYNE SCHOONOVER and | ) | |
| BOBBY EUGENE VARNER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 8, 2008 for a pretrial conference. Assistant United States Attorney Tracy L. Stone appeared on behalf of the government. Attorney Russell T. Greene was present for Defendant Schoonover, who was also present. Assistant Public Defender Kim A. Tollison appeared on behalf of Defendant Varner, who was not in attendance due to belated notice of the hearing.

Mr. Greene made an oral motion to continue the August 20, 2008 trial date. He noted that the Court had just appointed him to represent Mr. Schoonover on Monday, August 4, 2008 [Doc. 9]. He also noted that he was participating in a murder trial the following week. The government did not object to the requested continuance. Mr. Tollison stated that he had discussed the possibility of a continuance with Mr. Varner and that Mr. Varner also agreed with the need for the continuance. The Court addressed Mr. Schoonover, who is detained pending trial. Mr.

1

Schoonover agreed that he understood that he would remain in jail until the new trial date. The Court reset the trial for February 17, 2009, finding that the seven-month delay was necessary to permit the filing, hearing, and ruling on motions as well as time for the parties to lodge any objections to the Court's rulings. The parties would also need time to prepare for trial in light of the rulings on motions. All parties agreed with the Court that the time between the present hearing and the new trial date of February 17, 2009, was fully excludable under the Speedy Trial Act.

The Court agrees with the need for a continuance of the trial, finding that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching August 20, 2008 trial date, the Court finds that the failure to grant a continuance would deprive the defendants of time to prepare for trial, especially with the Court recently appointing Mr. Greene to the case. See 18 U.S.C. § 3161(h)(8)(B)(iv). Mr. Greene will need time to review discovery and to file and respond to motions for his client. Thereafter, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(F) & (J). The parties may need time to object to rulings on motions, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the August 20, 2008 trial date or in less than seven months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Moreover, the Court notes with regard to Mr. Varner that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(7):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Mr. Varner stands indicted [Doc. 1] with Mr. Schoonover, and no motion for severance has been filed. Accordingly, delay atibutable to Mr. Schoonover is presently excludable as to Mr. Varner as long as it is reasonable. See 18 U.S.C. § 3161(h)(7); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court has already found that a continuance of the August 20, 2008 trial date is

necessary to give defense counsel for Mr. Schoonover time to prepare for trial. The Court finds that the seven-month delay in trial attributable to Mr. Schoonover is reasonable given the recent appointment of his attorney.

Accordingly, Defendant Schoonover's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **February 17, 2009**. The Court also finds, and the parties agreed, that all the time between the August 8, 2008 hearing and the new trial date of February 17, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), -(J), (h)(7), & (h)(8)(A)-(B). With regard to further scheduling, defense counsel for Mr. Schoonover has until September 15, 2008, to file any motions on behalf of Mr. Schoonover. The government has until September 29, 2008, to respond to the motions. A pretrial conference and motion hearing before the undersigned is set for October 14, 2008, at 1:30 p.m., at which time the Court will hear any pending motions.

Accordingly, it is ordered:

(1) Defendant Schoonover's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **Februray 17, 2008**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **August 8, 2008** hearing, and the new trial date of **February 17, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defense counsel for Mr. Schoonover has through **September 15, 2008**, to file any motions on Mr. Schoonover's behalf;

(5) The government shall respond to any motions by **September 29, 2008**; and

4

(6) A pretrial conference and motion hearing before the undersigned is set for **October 14, 2008, at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge