UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-096 |
| | ) | (PHILLIPS/SHIRLEY) |
| PAUL DEWAYNE SCHOONOVER | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on the Defendant's Motion for Bill of Particulars [Doc. 16] and Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 18]. A hearing on the motions was held October 14, 2008. Attorney Russell Greene was present representing the Defendant, who was also present. Assistant United States Attorney Tracy Stone was present representing the Government.

### **I.   Motion for Bill of Particulars [Doc. 16]**

The Defendant argues that the Indictment contains no overt acts and fails to allege facts that are essential to constitute the offense charged. [Doc. 16]. The Defendant states that he is without sufficient information to determine what acts the Government is relying upon in making the allegations against him. Specifically, the Defendant requests a bill of particulars containing: his role in the alleged conspiracy, the dates on which he entered and exited the conspiracy, the dollar amounts he received by participating in the conspiracy, and any overt acts which the Government intends to offer evidence of at trial. [Doc. 16].

The Government responds that the Indictment [Doc. 1] describes the overt acts and crimes alleged in sufficient detail to give Defendant notice of the charges against him and prevent him from being exposed to repeated prosecution. The Government maintains that the Defendant's motion is an attempt to obtain details about the evidence against him rather than to obtain details about the charges against him, and the Government argues that it has no duty to disclose evidentiary details or to explain legal theories. See United States v. Atisha, 804 F.2d 920, 923-24 (6th Cir. 1986).

At the hearing, Attorney Greene explained that he has received two CDs of still photographs as part of the Government's discovery disclosures—one from the bank and one from a carwash. Attorney Greene complained that he was not given an explanation of the nexus between the carwash photos and the charges in the indictment.[1] Attorney Greene also stated that the photos from the bank were of such low quality that he could not recognize the person in the photographs. Finally, Attorney Greene complained that he had not been given any police report or other incident report.

The Government responded that none of Attorney Greene's arguments were a legal basis for ordering a bill of particulars. The Government maintains that the Indictment gives the Defendant sufficient notice of the crimes alleged because it: details overt acts which constitute the crime; does not indicate the involvement of any unnamed conspirators; and references the substantive law which had allegedly been violated. The Government reiterated that Attorney Greene's desire to understand more about the alleged crime was not a sufficient reason to require a bill of particulars.

The Indictment [Doc. 1] against the Defendant alleges that on or about July 21, 2003, the Defendant and Co-Defendant Bobby Eugene Varner conspired to use a dangerous weapon to rob

---

[1] The Government later clarified that the still photographs from the carwash are alleged to show the Defendant inserting dye-stained bills which the machine exchanged for coins.

the Commercial Bank at 7400 Maynardville Highway, Knoxville, Tennessee. The Indictment states that Defendant Varner drove Defendant Schoonover to the bank. The Indictment specifically alleges that Defendant Schoonover entered the bank, approached the teller counter, announced the bank robbery, demanded money, and lifted his shirt to expose what appeared to be a bomb. The Indictment alleges that these acts constituted violations of 18 U.S.C. §§ 371 and 2113(a) and (d).

The Court finds the Defendant's argument for a bill of particulars unpersuasive. "The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes." United States v. Brimley, 529 F.2d 103, 108 (6th Cir. 1976). A bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The Indictment [Doc. 1] alleges with precision the crime that was committed and specifically enumerates the acts that make up the crime. The Defendant has sufficient information on which to base his defense, and there is no danger that he will be exposed to another prosecution for the same crime.

Accordingly, the Defendant's Motion for Bill of Particulars [Doc. 16] is **DENIED**.

## II. Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 18]

The Defendant moves this Court to hold a hearing prior to trial for the purpose of determining whether there is evidence of: the existence of a conspiracy as charged in the indictment, the defendant's membership in the conspiracy, and whether statements that would otherwise be hearsay can be fall into the conspiracy hearsay exception. [Doc. 18]. Defendant states that a hearing

should be held prior to trial because otherwise there will be an "obvious prejudice" to the Defendant if testimony that would otherwise be excluded as hearsay is introduced prior to the establishment of a conspiracy and the Defendant's connection thereto. In addition, the Defendant argues that a pretrial hearing should be conducted because it is reasonable and practicable and will not unduly burden the Government.

A district court may admit a co-conspirator's out-of-court statements as admissions against the defendant under Federal Rule of Evidence 802(d)(2)(E). For such statements to be admitted under the exception, the government must demonstrate the existence of a conspiracy and the defendant's connection therewith by a preponderance of the evidence. United States v. Enright, 579 F.2d 980, 983-86 (6th Cir. 1978). There are three alternative procedures by which to determine admissibility based upon a conspiracy. The Court may: (1) conduct a pre-trial "mini-hearing" outside the presence of the jury to hear the government's proof of conspiracy; (2) require the government to produce non-hearsay evidence of conspiracy first prior to making the finding of admissibility; or (3) admit the hearsay statements subject to a later demonstration of their admissibility. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979).

This district routinely utilizes the third option, where the trial court admits the hearsay conditionally, subject to a later determination of its admissibility. See United States v. Martin, 2008 WL 152900, at *3 (E.D. Tenn. 2008). The Defendant has not identified any specific prejudice that will result from conditionally admitting statements under Rule 802(d)(2)(E), and he has made only a vague argument that prejudice will result if a hearing is not held. Therefore, the Court finds no reason not to employ the third option under Vinson and avoid the more burdensome "mini-hearing." Accordingly, the Court will employ the third option in Vinson in determining the admissibility of

4

statements at trial, and the Defendant's Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 18] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:


    <u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge

5