UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-96 |
| | ) | |
| PAUL D. SCHOONOVER | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's *pro se* motion for early termination of supervised release [Doc. 71].[1] In support of his motion, the defendant states that he is living in a rental mobile home and he has a couple of vehicles insured. The defendant is "staying out of trouble" and helping in his community. The defendant states that he keeps busy and makes sure he pays his bills on time. The defendant notes that he has medical assistance in maintaining his health and anxiety. The defendant also states that his grandson is now living with him and defendant is teaching him to work on vehicles and to make safe and healthy decisions. Finally, the defendant suggests that he has come a long way at living a good life.

The U.S. Probation Office for the Southern District of Ohio, where defendant resides and is under supervision, reports that defendant began his term of supervised release on July 16, 2014, and he has completed over half of his five-year term of supervised release.

---

[1] Although defendant's motion refers to his "case of parole," the record reflects and his supervising Probation Officer agrees that defendant was sentenced to and is currently serving a term of supervised release.

After being initially resistant, the defendant has participated in a program of mental health treatment for over two years. This program and prescribed medication have greatly improved defendant's anxiety and his attitude toward supervision. The defendant has maintained a stable residence for two years. The defendant receives Social Security Disability and works on cars for other individuals in exchange for goods and services. The defendant has paid all of his financial obligations as a result of his conviction and he has not had any new criminal conviction. Therefore, the Probation Office does not object to the defendant's motion. The government has indicated that it does not oppose the defendant's motion.

Defendant pleaded guilty to and was sentenced to one count of bank robbery by force or violence, aided and abetted by another, by use of a dangerous weapon or device in violation of 18 U.S.C. §§ 2113(a), 2. On June 30, 2009, the defendant was sentenced to a term of imprisonment of 84 months and a five-year term of supervised release [Doc. 47].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's supervised release. In support of this determination, the Court notes that defendant has completed over half of his five-year term of supervised release; he has been in full compliance with the conditions of his supervision; and he maintains a stable residence. In addition, his supervising Probation

Officer recommends early termination and the government does not oppose the request. It appears to the Court that defendant has rehabilitated himself and he poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of supervised release [Doc. 71] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

    **IT IS SO ORDERED.**

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE